SEALED

UNITED STATES DISTRICT COURT
MIDDLE DISTRCT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 6:25-cr-42-RBD-LHP |
| VICTOR MANUEL LAFONTAINE RUIZ, | 18 U.S.C. § 933<br>(Conspiracy to Traffic Firearms) |
| JOSE EMANUEL MALDONADO RODRIGUEZ, | 18 U.S.C. § 922(a)(1)(A)<br>(Unlicensed Firearms Dealing) |
| FREDDIE GEOVANI CRUZ BATIZ, | 18 U.S.C. § 922(o)<br>(Possession of Machinegun) |
| JOMAR MANUEL LOPEZ MONTANEZ, | 18 U.S.C. § 922(g)(1)<br>(Firearms Possession by Convicted Felon) |
| DERRICK YAMIL RIVERA ROBLES, | 18 U.S.C. § 922(g)(5)(A)<br>(Firearms Possession by Illegal Alien) |
| LEONARDO DAVID JOSEPH GUERRA | |

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
**(Conspiracy to Traffic Firearms)**

Beginning on an unknown date, but not later than on or about September 21, 2023, and continuing through February 19, 2025, in the Middle District of Florida and elsewhere, the defendants,

VICTOR MANUEL LAFONTAINE RUIZ,
JOSE EMANUEL MALDONADO RODRIGUEZ,
FREDDIE GEOVANI CRUZ BATIZ,

JOMAR MANUEL LOPEZ MONTANEZ,
DERRICK YAMIL RIVERA ROBLES,
and
LEONARDO DAVID JOSEPH GUERRA,

did knowingly conspire and agree with each other and others known and unknown, to ship, transport, transfer, cause to be transported, and otherwise dispose of any firearm to another person, in or otherwise affecting interstate or foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony, and did receive from another person any firearm in or otherwise affecting interstate and foreign commerce knowing and having reasonable cause to believe that such receipt would constitute a felony, as defined in 18 U.S.C. § 932(a), that is, unlawful firearms dealing in violation of 18 U.S.C. § 922(a)(1)(A), unlawful possession of a machine gun in violation of 18 U.S.C. § 922(o), unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and unlawful possession of a firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5)(A).

All in violation of 18 U.S.C. § 933(a)(3).

## COUNT TWO
**(Unlicensed Firearms Dealing)**

Beginning on an unknown date, but not later than on or about September 21, 2023, and continuing through February 19, 2025, in the Middle District of Florida and elsewhere, the defendants,

VICTOR MANUEL LAFONTAINE RUIZ,

JOSE EMANUEL MALDONADO RODRIGUEZ,
FREDDIE GEOVANI CRUZ BATIZ,
JOMAR MANUEL LOPEZ MONTANEZ,
DERRICK YAMIL RIVERA ROBLES,
and
LEONARDO DAVID JOSEPH GUERRA,

aiding and abetting each other and others, both known and unknown to the Grand Jury, not being licensed dealers of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of manufacturing and dealing in firearms.

In violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D), and 2.

## COUNTS THREE THROUGH FIVE
### (Possession of Machinegun)

On the dates set forth below, in the Middle District of Florida, the defendants,

VICTOR MANUEL LAFONTAINE RUIZ,
JOSE EMANUEL MALDONADO RODRIGUEZ,
and
DERRICK YAMIL RIVERA ROBLES,

did knowingly transfer and possess machineguns, as defined in 26 U.S.C. § 5845(b), that is, devices which are parts designed and intended for use in converting a weapon into a machinegun.

| Count | Date | Defendant | Devices |
|---|---|---|---|
| Three | 09/17/23 | LAFONTAINE RUIZ | machinegun conversion device installed on Glock pistol |
| Four | 03/06/24 | RIVERA ROBLES | machinegun conversion device |
| Five | 10/03/24 | MALDONADO RODRIGUEZ | machinegun conversion device installed on Glock pistol |

In violation of 18 U.S.C. §§ 922(o) and 924(a)(2).

## COUNT SIX
## (Possession of a Firearm by a Convicted Felon)

On or about February 7, 2025, in the Middle District of Florida, the defendant,

JOMAR MANUEL LOPEZ MONTANEZ,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Carrying a Concealed Weapon, in the Circuit Court of the Ninth Judicial District in and for Osceola County, Florida, on or about January 5, 2016,

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, two privately made firearms bearing serial numbers 23216351 and 23216352.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

## COUNT SEVEN
## (Possession of a Firearm by an Illegal Alien)

On or about October 16, 2023, in the Middle District of Florida, the defendant,

LEONARDO DAVID JOSEPH GUERRA,

knowing that he was illegally or unlawfully in the United States (an alien), did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, a Glock pistol.

In violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(8).

## **FORFEITURE**

1.    The allegations contained in Counts One through Seven are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 924(d), 934(a)(1)(A) and (B), and 28 U.S.C. § 2461(c).

2.    Upon conviction of a violation of 18 U.S.C. §§ 922(a)(1)(A), 922(g), 922(o), and/or 933, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in the offenses.

3.    Upon conviction of a violation of 18 U.S.C. § 933, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 934(a)(1)(A) any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of such violation; and pursuant to 18 U.S.C. § 934(a)(1)(B), any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation.

4.    The property to be forfeited includes, but is not limited to, the following:

    a.    Glock, model 43X, 9mm pistol, serial number: BWWW270 seized from JOSEPH GUERRA on October 16, 2023;

    b.    Glock, model 29, 10mm pistol, serial number SVA415 seized from LAFONTAINE on January 24, 2025; and

    c.    Two privately manufactured firearms with serial numbers: 23216351 and 23216352 seized from LOPEZ MONTANEZ on February 7, 2025.

5. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

███████████████

Foreperson

SARA C. SWEENEY
Acting United States Attorney

By: _____
Dana E. Hill
Assistant United States Attorney

By: _____
Michael P. Felicetta
Assistant United States Attorney
Chief, Orlando Division

6

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Orlando Division

### THE UNITED STATES OF AMERICA

vs.

### VICTOR MANUEL LAFONTAINE RUIZ et al.

## INDICTMENT

Violation:

18 U.S.C. § 933; 18 U.S.C. § 922(a)(1)(A); 18 U.S.C. § 922(o); 18 U.S.C. § 922(g)(1); 18 U.S.C. § 922(g)(5)(A)

A true bill,

_____

Foreperson

Filed in open court this 19th day of February, 2025.

_____
Clerk

Bail  $ _____

GPO 863 525